IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,984-02






EX PARTE ALFREDO PECINA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B17667-0806 IN THE 64TH DISTRICT COURT


FROM HALE COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault with a deadly weapon and sentenced to eleven years' imprisonment. The Seventh Court of
Appeals affirmed his conviction. Pecina v. State, No. 07-11-00504-CR (Tex. App.--Amarillo Jun.
8, 2012) (unpublished).

 Applicant contends that his plea was involuntary because counsel did not explain the legal
and factual differences between felony aggravated assault and misdemeanor assault. Though he was
charged with causing bodily injury with a deadly weapon, he disputes the deadly weapon allegation.
He alleges that, had counsel discovered or explained the difference between the allegations and the
facts, applicant would not have pleaded guilty. He also alleges that counsel's failure to investigate
and discover a third-party witness was ineffective and caused his plea to be involuntary. Applicant
has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond
to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claims that his plea was involuntary. The trial court shall make specific findings of fact determining
whether counsel fully and adequately investigated the facts and explained the applicable law to
Applicant. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: January 9, 2013

Do not publish